𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### SINCLAIR v. FAIRFAX.

June 8, 1916.

Absent, Cardwell, J.

1. APPEAL AND ERROR—*Record of Proceedings in Trial Court Conclusive—
Failure to Object.*—Where the record clearly shows that the case was
submitted upon the general issue as well as others, and that the trial
court found upon the general issue, as well as others, in favor of the
defendant, that fact cannot be called in question by the plaintiff on
a writ of error, and if no objection was made to the judgment in the
trial court, it is binding and conclusive, and no informality in the
record can be taken advantage of in this court.

Error to a judgment of the Circuit Court of the city
of Alexandria, in an action of assumpsit.   Judgment for
the defendant.   Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*J. Donald Richards* and *William Hogan,* for the
plaintiff in error.

*S. G. Brent,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

Upon the final hearing of this case a jury was waived
and the whole question of law and fact was submitted
to the court for determination.   The case was sub-

mitted upon a demurrer to the declaration, three special pleas, and upon the general issue, and the court found upon the issues joined for the defendant, and entered judgment accordingly.

The appellant contends that, in submitting the case to the judge of the circuit court, it was not intended that he should try the general issue along with the other issues in the cause. There is nothing in the record to sustain this contention. The judgment clearly shows that the case was submitted upon the general issue, as well as others, and that the court found upon the general issue, as well as others, in favor of the defendant. It is conceded by the plaintiff in error that if the trial court took cognizance of and disposed of this case on the general issue, as we have shown from the record was done, its judgment thereon is binding and conclusive inasmuch as no exception was taken thereto. This being so, no informality in the record, if any, can be taken advantage of, and the judgment complained of must therefore be affirmed.

*Affirmed.*